**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBIN AYLMER,**

                **Plaintiff,**

**-vs-**                                                               **Case No. 6:05-cv-610-Orl-18DAB**

**STEGARCIA US, INC.,**
**d/b/a Black Hammock,**
**RUVELL OLIVER,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **FIRST MOTION FOR DEFAULT JUDGMENT AGAINST STEGARCIA US, INC. (Doc. No. 15)**
>
> **FILED:**      **August 1, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

> **MOTION:**    **FIRST MOTION FOR DEFAULT JUDGMENT AGAINST RUVELL OLIVER (Doc. No. 16)**
>
> **FILED:**      **August 1, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff brought this suit for unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA") and Chapter 448, Fla. Stat. Following service of process, neither Defendant

appeared, and the Clerk entered a default on June 10, 2005 (Doc. Nos. 8-10). A lack of record activity led to an Order to Show Cause why the action should not be dismissed for failure to prosecute, and Plaintiff responded (Doc. Nos. 11 and 14). Plaintiff has now filed her motions for entry of default judgment against the Defendants, and has filed Affidavits in support of same (Doc. Nos. 15-Exhibit A, 16-Exhibit A, and 17). It is **respectfully recommended** that the motions be **denied.**

In her[1] Complaint, Plaintiff alleges that she was employed as a laborer by the corporate Defendant, at a restaurant it operated in Winter Park (Complaint at 4-5). Plaintiff alleges the corporate Defendant is an employer under FLSA, and subject to the provisions of the FLSA. The individual Defendant is alleged to be the "owner and/or officer" of Stegarcia, and a statutory employer under the Act (Complaint 8-9). Plaintiff alleges that she worked "numerous weeks" in excess of forty hours a week, and is therefore entitled to overtime compensation, as well as related damages under FLSA (Count I); that the Defendant willfully violated FLSA's minimum wage requirement for the time period of 1/05/03 to 1/31/05, and in fact Plaintiff was never compensated for that period (Count II); and that the parties had an oral employment contract and Defendant failed to pay Plaintiff "for work performed from August 2004 through February 2005" (Allegation 18), and Plaintiff has been damaged due to Defendant's "willful failure to pay her the requisite bonus." (Allegation 19) (Count III).

Plaintiff supplements the allegations with her Affidavit (Doc. No. 17), in which she avers that she was employed by Defendants from January 15, 2003 to January 29, 2005, as a bartender, cook, hostess, server, and receptionist. Plaintiff then makes the following contradictory averments:

---

[1] The Complaint repeatedly refers to Plaintiff as "him." In her motions and Affidavit, however, Plaintiff is referred to as "she." As Plaintiff lists her job duties as, among others, "hostess," the Court assumes the feminine pronoun is accurate. Counsel is reminded of the need to proofread form pleadings prior to filing.

   a.) She "was paid an hourly rate of $2.13 per hour, plus tips." (Paragraph 7)

   b.) "From January 10, 2003, to January 31, 2005, [she] worked 72 hours a week for which she was not compensated at all." [2]

   c.) "From January 10, 2003 to January 31, 2005, [she] worked 4240 hours for which she did not receive minimum wage . . . for a total amount owed of $21,836.00."[3]

   d.) "[She] is owed 3392 hours of unpaid overtime from January 5, 2003 to January 31, 2005 for a total of $26,203.20."[4]

  Plaintiff avers that she is owed $48,039.20 in back wages, a same amount in liquidated damages, for a total of $96,078.40 (Paragraph 11). Plaintiff also seeks attorneys fees and costs under the FLSA.

  The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

---

[2] Note that Plaintiff had previously stated that she was employed from January 15th, *and* that she was paid an hourly rate, plus tips.

[3] Note that Plaintiff previously averred that she worked only until January 29th.

[4] Note the reference to January 5th, although Plaintiff claims to have been employed from January 15th.

Here, the default has established the well plead allegations that Plaintiff was an employee of the corporate defendant, the individual defendant was a statutory employer and Plaintiff has a claim for wages due under the FLSA. As the Complaint was not specific regarding the exact nature and amount of Plaintiff's claim, however, it is Plaintiff's burden, as set forth above, to prove up the unliquidated sums. As is painfully clear, Plaintiff has failed to do so.

The Court has before it sworn statements that Plaintiff was only employed from January 15 2003 to January 29, 2005, but is owed for work performed from January 5, 2003 to January 31, 2005,[5] for which she was paid $2.13 per hour, plus tips, for a period of time in which she "was not compensated at all."[6] In addition to the inherent contradictions in Plaintiff's evidence (and the Court's difficulty in believing that an employee would work for no compensation at all for a period of two years), Plaintiff provides absolutely no evidence as to how the approximately $100,000 claim was calculated. Plaintiff does not make any effort to set forth the applicable minimum wage for the period of time, nor does Plaintiff deduct amounts allegedly paid (the $2.13 per hour), nor address her probable status as a "tipped employee" under FLSA. *See* 29 U.S.C.A. 203(m) and (t); *Reich v. Chez Robert, Inc.*, 28 F.3d 401, 403 (3rd Cir. 1994) ("Section 3(m) therefore allows an employer to reduce a tipped employee's wage below the statutory minimum by an amount to be made up in tips, but only if the employer informs the tipped employee that her wage is being decreased under section 3(m)'s tip-credit provision."). Absent any evidence with respect to the actual hours worked, the actual

---

[5] Note that the Complaint states that Plaintiff worked "through February 2005."

[6] Plaintiff argues (but does not aver in Complaint or Affidavit) that she worked for no compensation for a period of over two years for the Defendant "due to the fact that they had a personal relationship, and that the Defendant promised that he would eventually pay the Plaintiff the monies she is owed." (Motion at 4).

monies paid and tips received, and Plaintiff's employment status as a tipped employee, Plaintiff has failed to carry her burden of proof. The Court recommends that the motions be **denied.**[7]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 12, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[7] As the Court recommends denial on the merits, it does not reach the claim for attorney's fees and costs.